IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN DIGGAN**, | : | CIVIL ACTION NO. 1:12-CV-0849 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **NORTHUMBERLAND COUNTY BOARD OF PRISONS**, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Allen Diggan ("Diggan"), an inmate formerly housed at the Northumberland County Prison, Sunbury, Pennsylvania, commenced this civil rights action on May 7, 2012, naming as defendants the Northumberland County Board of Prisons, Board of Prisons members Richard Shoch, Vinny Clausi, Stephen Bridy, Chad Reiner, Judge Robert Sacavage, Anthony Phillips, Anthony Rosini, and Warden Roy Johnson. (Doc. 1.) Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of all defendants. (Doc. 4.)

For the reasons set forth below, the motion to dismiss will be granted, and leave to amend will be granted.

## I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citation omitted). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

## II.    Allegations of the Complaint

Diggan alleges that on May 8, 2010, while he was incarcerated at the Northumberland County Prison, he was waiting at his cell for the delivery of a magazine. (Doc. 1, at ¶ 18.) At that time, an unidentified corrections officer and inmates were "engaged in horseplay." (Id. at ¶ 19.) "The corrections officer suddenly and un-expectantly [sic] backed into Plaintiff, knocking Plaintiff off balance. The Plaintiff began to fall backwards and grabbed for his cell. While Plaintiff's hand was on the cell door, the corrections officer quickly closed Plaintiff's cell door. The closing of the cell door while Plaintiffs [sic] hand was present

3

severed Plaintiff's right pinky finger. At all times relevant hereto, the design of the cell doors posed an unreasonable risk to inmates." (Id. at ¶¶ 20-23.)

Diggan alleges that, as a result of the above incident, defendants violated his Constitutional rights in failing to train and supervise corrections officers and supervisors to ensure professional performance of duties and to ensure that inmate appendages are clear of cell doors prior to closing them, creating an atmosphere condoning horse play and unprofessional performance of duties, and failing to take action against, and continuing to employ those corrections officers known to act unprofessionally in the performance of their duties. (Doc. 1, at 5-89; Doc. 6, at 7.) He also brings a state law municipal liability claim based on the "inherently dangerous conditions of the cell doors." (Id.)

## III. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege

4

"the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

A. Monell Claims

Defendants seek dismissal of the complaint on the grounds that it fails to meet the pleading requirements of the Federal Rules of Civil Procedure. A municipality may be liable under §1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978). Local governments are only responsible only for "their own illegal acts." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986) (citing Monell, 436 U.S., at 665–683). They are not vicariously liable under § 1983 for the actions of their employees. See id., at 691; Canton v. Harris, 489 U.S. 378, 392 (1989); Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (collecting cases).

A plaintiff seeking to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. Monell, 436 U.S., at 691, 694. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, — U.S. — ; 131 S.Ct. 1350, 1359 (2011) (citations omitted.) These are "action[s] for which the municipality is actually responsible." Pembaur, 475 U.S. at 479–480.

5

A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See Oklahoma City v. Tuttle, 471 U.S. 808, 822–823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell "). Recently, the Supreme Court articulated the following with respect to failure to train claims:

> To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Canton, 489 U.S., at 388, 109 S.Ct. 1197. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id., at 389, 109 S.Ct. 1197.
>
> " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bryan Cty., 520 U.S., at 410, 117 S.Ct. 1382. Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. Id., at 407, 117 S.Ct. 1382. The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." Canton, 489 U.S., at 395, 109 S.Ct. 1197 (O'Connor, J., concurring in part and dissenting in part). A less stringent standard of fault for a failure-to-train claim "would result in de facto respondeat superior liability on municipalities . . . " Id., at 392, 109 S.Ct. 1197; see also Pembaur, *supra*, at 483, 106 S.Ct. 1292 (opinion of Brennan, J.) ("[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials . . . ").
>
> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. Bryan Cty., 520 U.S., at 409.

Connick, — U.S. — ; 131 S.Ct. at 1360.

6

Defendants argue that "Diggan has failed to put forth a single allegation to establish the existence of a pattern of correctional employees' horseplay incidents resulting in inmate injuries. Diggan has not identified a single incident where an inmate has been injured because of a purported lack of training. See Mariani v. City of Pittsburgh, 624 F. Supp. 506, 512 (W.D. Pa. 1986) (holding that two previous complaints alleging use of excessive force do not represent the type of widespread abuse contemplated in Monell)." (Doc. 5, at 8-9.) Plaintiff counters by arguing that "[i]n the instant case, Diggan factually describes the incident which led to him being injured and then sets forth two general causes of indifference by the Board and one municipal liability allegations [sic]." (Doc. 6, at 6.)

Diggan fails to recognize that his allegations of municipal liability are purely conclusory. He alleges that defendants violated his constitutional rights by failing to properly train corrections officers in professional performance of duties, failing to properly train corrections officers to ensure inmates' appendages are clear of the cell doors before closing them, creating an atmosphere condoning horse play and unprofessional performance of duties, allowing the unprofessional atmosphere to continue, and failing to take actions against, and continue employment of, corrections officers known to act unprofessionally in the performance of their duties. He also alleges a general failure to train supervisors. The complaint is inadequate in that it lacks any specificity concerning the particular behavior, time, place, and persons responsible for any official policy or custom sanctioning the alleged unconstitutional conduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.

7

2005). Moreover, there is nothing in the complaint that demonstrates that the "horseplay" that caused plaintiff's injury was the result of deliberate indifference arising from a failure to train or supervise or was anything more than an isolated incident. Consequently, the Monell claims will be dismissed.

B. State Law Claims

Diggan's state law claim will also be dismissed. A district court may decline to exercise supplemental jurisdiction over a state law claim or claims if the district court dismisses those claims over which it has original jurisdiction. Since the claims that form the basis of this Court's jurisdiction under 28 U.S.C. § 1331 will be dismissed, the Court declines to exercise supplemental jurisdiction.

## IV. Leave to Amend

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Therefore, Diggans will be afforded the opportunity to amend his complaint to cure the defects set forth in this Memorandum.

## V. Conclusion

For the above-stated reasons, the court will grant defendants' motion to dismiss, and grant leave to amend. (Doc. 4.)

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       March 27, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN DIGGAN, | : | CIVIL ACTION NO. 1:12-CV-0849 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| NORTHUMBERLAND COUNTY BOARD OF PRISONS, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 27th day of March, 2013, upon consideration of defendants' motion to dismiss (Doc. 4), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 4) is GRANTED.

2. Plaintiff may file an amended complaint on or before April 18, 2013.

3. Failure to file an amended complaint on or before April 18, 2013, will result in a dismissal of this action with prejudice.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge